# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EY LAO,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**Case No. 26-C-324**
Criminal Case No. 19-CR-58

---

### DECISION AND ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION

---

On October 7, 2019, Petitioner Ey Lao was convicted by a jury of one count of possession of methamphetamine with intent to distribute with a prior conviction for a serious drug felony in violation of 21 U.S.C. § 841(b)(1)(A) and one count of possession of a firearm by a felon. Criminal Dkt. No. 96 at 1, Case No. 1:19-CR-58. Petitioner was sentenced to a 15-year term of imprisonment. *Id.* at 2. His conviction was affirmed by the Court of Appeals on June 4, 2021. Nearly five years later, on February 25, 2026, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

Motions brought under § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). In the court's March 5, 2026, screening order, the court noted that the petition appeared untimely and directed Petitioner to show cause why his application for relief was not time-barred. Dkt. No. 3. Petitioner filed a response on April 7, 2026, and the government filed a reply on June 30, 2026.

Petitioner asserts that he is actually innocent. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . .

expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner maintains that he has satisfied this standard because he is actually innocent of the enhanced statutory penalty. But "the misclassification of a predicate offense for a sentencing enhancement is legal innocence that does not open the actual innocence gateway." *Lairy v. United States*, 142 F.4th 907, 915 (7th Cir. 2025). Petitioner has not established actual innocence to overcome the untimeliness of his § 2255 motion.

Petitioner also asserts that the government should be equitably estopped from asserting the statute of limitations because it advanced and maintained a recidivist enhancement theory that it knew or should have known was invalid, while simultaneously conceding in *United States v. Vinson*, No. 20-CR-13, 2020 WL 6336031 (W.D. Wis. Oct. 9, 2020), that the same Wisconsin offense did not qualify as a predicate offense. But the government did not concede that the same offense did not qualify as a predicate offense in *Vinson*. It simply lost the argument in that case and notes that it would not be barred from making the same argument here and would do so if Petitioner's motion was timely and not subject to procedural default. Moreover, the doctrine of equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing an action, "as by promising not to plead the statute of limitations as a defense." *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) (internal quotation marks and citation omitted). Petitioner has not explained how the government's litigation position in a different case prevented him from filing a timely § 2255 motion here. Nor has he shown that the government took active steps to prevent timely filing of this action. In short, the doctrine of equitable estoppel has no application to this case.

Petitioner further asserts that equal protection principles prohibit the government from enforcing the limitations period. He explains that one of his fellow inmates, who was subject to a

recidivist enhancement based on prior Indiana cocaine convictions, filed a § 2255 motion challenging his conviction and that the government waived the limitations deadline. Petitioner contends that the government would violate equal protection principles if it were able to assert a limitations defense against Petitioner when it waived the defense against a similarly-situated federal prisoner. But Petitioner is not similarly situated to the other federal prisoner, who was convicted under a different statute with a different penalty enhancer, and whose predicate offenses in a different state involved a different controlled substance. In short, Petitioner's equal protection argument lacks merit.

Next, Petitioner requests that the court equitably toll the statute of limitations period. To successfully toll the statute of limitations, Petitioner must demonstrate that (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance out of his control prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling is an extraordinary remedy that is rarely granted." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (cleaned up). Petitioner asserts that the limitations period is subject to equitable tolling because he was denied meaningful access to legal materials and the prison law library during the COVID-19 pandemic, prolonged Bureau of Prisons lockdowns, chronic post-COVID-19 staffing shortages, and computer malfunctions. The circumstances Petitioner describes are common in the penal system and cannot be expected to give rise to equitable tolling, given the countless habeas petitions that arise from inmates. Otherwise, equitable tolling would become the norm rather than the rare exception. Petitioner has not established that he was diligently pursuing his rights or that circumstances outside of his control prevented his filing. Therefore, equitable tolling is not warranted in this case.

Finally, Petitioner argues that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(2) and (4).  Section 2255(f)(2) provides that the one-year statute of limitations period shall run from the latest of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2).  Petitioner asserts that the government created an unconstitutional impediment to filing when, in violation of Petitioner's Fifth Amendment right to due process, it prosecuted a recidivist conviction knowing that Petitioner is not a recidivist under 21 U.S.C. § 841(b)(1)(A).  Petitioner's assertion goes to the merits of his § 2255 motion.  He has not established that the government prevented him from filing a § 2255 motion.

Under 28 U.S.C. § 2255(f)(4), the one-year statute of limitations period shall run from the latest of "the date on which the facts supporting a claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner asserts that he did not discover that his Wisconsin conviction was not a serious drug felony until a federal prisoner with access to artificial intelligence brought *Vinson* to his attention.  He maintains that he filed his § 2255 motion two weeks after the discovery.  But there is no indication that this "fact" could not have been discovered at an earlier time through the exercise of due diligence.  In short, § 2255(f)(4) does not apply here.

Because Petitioner has failed to show cause sufficient to excuse his untimely application for relief under § 2255, his motion to vacate, set aside, or correct his sentence (Dkt. No. 1) is **DENIED**.  This case is dismissed.  The clerk is directed to enter judgment accordingly.  A certificate of appealability will be denied.  The court concludes that its decision is neither incorrect nor debatable among jurists of reason.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4

Petitioner is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 60 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of July, 2026.

William C. Griesbach
United States District Judge